# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE SANDERS and KEN McDANIEL, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, ERIC MATLOCK, GLEN DAVIS, SCOTT THATCHER and DOES 1 through 10, inclusive, sued both in their individual and official capacities <br><br> Defendants. | CIV-F 04-5541 AWI TAG <br><br> ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION |

The matter is before the court on Defendants' motion for reconsideration of the court's September 30, 2005 Order granting in part and denying in part cross motions for summary adjudication. Doc. 53. Plaintiffs have not filed any opposition to the motion. The matter was taken under submission without oral argument.

## I. History

Plaintiffs in this case are Arlene Sanders and Ken McDaniel, who resided at 1905 California Street, Apt. #18; Bakersfield, CA in April 1999. Defendants are the City of Bakersfield , the Bakersfield Police Department ("BPD"), Eric Matlock (Chief of BPD), Glenn Davis (BPD officer), Scott Thatcher (BPD Officer), and Does 1 through 10, inclusive (additional

1  BPD officers).  On the evening of April 6, 1999, Davis and Thatcher responded to a report of a
2  disturbance at Plaintiffs' apartment complex.  At the scene, the apartment manager stated that
3  there was a fight going on inside Plaintiffs' unit.  As Davis and Thatcher approached the unit,
4  they heard loud shouting.  They knocked on the door and identified themselves as BPD officers.
5  Sanders opened the door, revealing both herself and McDaniel in the living room; Davis and
6  Thatcher entered.  They noticed that Sanders had an abrasion on her cheek and McDaniel put
7  something behind the couch.  Sanders demanded the officers leave and began shouting.  Davis
8  and McDaniel used force to handcuff both Plaintiffs.  Davis conducted a sweep of the whole
9  apartment.  Davis found plastic bags containing what appeared to be cocaine in the right shoe of
10 a pair of work boots in a bedroom closet; the door to the closet was open.  Davis asked McDaniel
11 if he was on parole; McDaniel affirmed he was on parole for a drug violation.  He contacted the
12 BPD to request a team to conduct a full search of the apartment.  BPD officers soon arrived and
13 seized the bags of cocaine in the course of a second search of the apartment.  Defendants also
14 claim that Davis and Thatcher were informed by another BPD officer, Orbin Love, on April 5,
15 1999 (the day before the arrests and searches) that McDaniel was a parolee who was suspected of
16 dealing drugs; Plaintiffs dispute the claim.

17      Plaintiffs were charged with possession for sale of cocaine base in violation of California
18 Health and Safety Code § 11351.5 on May 17, 1999.  Plaintiffs plead guilty.  Before their plea,
19 they filed motions to suppress evidence pursuant to Cal. Penal Code § 1538.5, arguing the initial
20 search violated their Fourth Amendment rights.  The motion was denied, but the Fifth District
21 Court of Appeal reversed the denial on two bases: the search extended beyond adjoining spaces
22 and a parole search is only valid when the officer is aware of the search condition.  People v.
23 Sanders, 84 Cal. App. 4th 1211, 1220 and 1223 (Cal. Ct. App. 2000).  On review, the California
24 Supreme Court affirmed the Fifth District Court of Appeal on the parole search while expressing
25 no opinion as to the protective sweep.  People v. Sanders, 31 Cal. 4th 318, 324 n.2 (Cal. 2003).
26 The California Supreme Court firmly held that when police are unaware an individual is subject
27 to a search condition, a search without probable cause constitutes a violation of the Fourth
28 Amendment and can not be justified after the fact by the search condition.

On April 8, 2004, Plaintiffs filed this present suit.  Broadly, Plaintiffs allege their Fourth Amendment rights were violated by entry into their apartment and search without consent or exigent circumstances.  The parties filed opposing motions for summary adjudication.  By Order of September 30, 2005, the court determined "The initial entry of Officers Davis and Thatcher on April 6, 1999 did not violate Plaintiffs' Fourth Amendment rights....Whether the [initial search] can be justified as a protective sweep incident to arrest is preserved for trial as the questions of arrest and plain view have not been fully addressed." Doc. 53, Order, at 39:22-28.  Defendants shortly thereafter filed a motion for reconsideration. Doc. 56.  The motion was eventually denied.  The present matter is a second motion for reconsideration on different grounds.

## II. Legal Standards

Under Fed. R. Civ. Proc. 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.  A motion for reconsideration of summary judgment is appropriately brought under Rule 59(e). Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).  A motion to alter or amend judgment is appropriate under limited circumstances, such as where the court is presented with newly-discovered evidence, where the court "committed clear error or the initial decision was manifestly unjust," or where there is an intervening change in controlling law. School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. Discussion

Defendants argue that McDaniel, as a parolee subject to a search condition, did not have his Fourth Amendment rights violated when his residence was searched by officers who were not aware of his search condition at the time that search took place.  In essence, Defendants ask the court to reconsider the California Supreme Court's decision in People v. Sanders and come to the opposite conclusion.

Defendants base their argument on the intervening U.S. Supreme Court decision in Samson v. California, 126 S. Ct. 2193 (2006).  Defendants claim the U.S. Supreme Court found

that "parolees do not have an expectation of privacy that society would recognize as legitimate....a parolee has no reasonable expectation of privacy." Doc. 60, Reconsideration, at 7:8-13.  Review of the case cited finds that the U.S. Supreme Court did indeed state that "Examining the totality of the circumstances pertaining to petitioner's status as a parolee, an established variation on imprisonment, including the plain terms of the parole search condition, we concluded that petitioner did not have an expectation of privacy that society would recognize as legitimate." Samson v. California, 126 S. Ct. 2193, 2199 (2006).  The circumstances of the case concerned a suspicionless search of a parolee whom the officer conducting the search knew was subject to a search condition.  However, the court did state that "parolees like petitioner have severely diminished expectations of privacy by virtue of their status alone." Samson v. California, 126 S. Ct. 2193, 2199 (2006).  This statement appears perfectly consonant with the California Supreme Court's conclusion that "A parolee's expectation of privacy certainly is diminished, but it is not eliminated." People v. Sanders, 31 Cal. 4th 318, 332 (Cal. 2003).  Indeed, the U.S. Supreme Court specifically stated that "Under California precedent, we note, an officer would not act reasonably in conducting a suspicionless search absent knowledge that the person stopped for the search is a parolee." Samson v. California, 126 S. Ct. 2193, 2202 (2006), citing People v. Sanders, 31 Cal. 4th 318, 331-2 (Cal. 2003).  While not an affirmation of People v. Sanders, the language suggests endorsement of the California Supreme Court's decision regarding the Fourth Amendment rights of parolees.  The court finds this motion for reconsideration to be without foundation.

### IV. Conclusion

Defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   June 2, 2007**              **/s/ Anthony W. Ishii**
                                       UNITED STATES DISTRICT JUDGE