UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE SANDERS and KEN McDANIEL,<br><br>                 Plaintiffs,<br><br>    v.<br><br>CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, ERIC MATLOCK, GLEN DAVIS, SCOTT THATCHER and DOES 1 through 10, inclusive, sued both in their individual and official capacities<br><br>                 Defendants. | CIV-F 04-5541 AWI TAG<br><br>ORDER RE: PLAINTIFFS' MOTION TO REOPEN DISPOSITIVE MOTIONS |

**I. History**

Plaintiffs in this case are Arlene Sanders and Ken McDaniel, who resided at 1905 California Street, Apt. #18; Bakersfield, CA in April 1999. Defendants are the City of Bakersfield ("City"), the Bakersfield Police Department ("BPD"), Eric Matlock (Chief of BPD), Glenn Davis (BPD officer), Scott Thatcher (BPD Officer), and Does 1 through 10, inclusive (additional BPD officers). On the evening of April 6, 1999, Davis and Thatcher responded to a report of a disturbance at Plaintiffs' apartment complex. At the scene, the apartment manager stated that there was a fight going on inside Plaintiffs' unit. As Davis and Thatcher approached the unit, they heard loud shouting. They knocked on the door and identified themselves as BPD officers. Sanders opened the door, revealing both herself and McDaniel in the living room;

1  Davis and Thatcher entered.  They noticed that Sanders had an abrasion on her cheek and
2  McDaniel put something behind the couch.  Sanders demanded the officers leave and began
3  shouting.  Davis and McDaniel used force to handcuff both Plaintiffs.  Davis conducted a sweep
4  ("First Search") of the whole apartment.  Davis found plastic bags containing what appeared to
5  be cocaine in the right shoe of a pair of work boots in a bedroom closet; the door to the closet
6  was open.  Davis asked McDaniel if he was on parole; McDaniel affirmed he was on parole for a
7  drug violation.  He contacted the BPD to request a team to conduct a full search of the apartment.
8  BPD officers soon arrived and seized the bags of cocaine in the course of a second search of the
9  apartment ("Second Search").  Defendants also claim that Davis and Thatcher were informed by
10 another BPD officer, Orbin Love, on April 5, 1999 (the day before the arrests and searches) that
11 McDaniel was a parolee who was suspected of dealing drugs; Plaintiffs dispute the claim.

12 Plaintiffs were charged and convicted of possession for sale of cocaine base in violation
13 of California Health and Safety Code § 11351.5.  Ultimately, the California Supreme Court held
14 that Bakersfield police officers had violated Plaintiffs' Fourth Amendment rights, suppressing
15 evidence which lead to overturning their convictions.  People v. Sanders, 31 Cal. 4th 318 (Cal.
16 2003).  Plaintiffs then presented claims for damages under California Government Code §910 to
17 the City of Bakersfield.  Those claims were denied.

18 On April 8, 2004, Plaintiffs commenced this suit against Defendants.  Plaintiffs alleged
19 that on April 6, 1999, Defendants violated Plaintiffs' "rights to due process of law under both
20 state and federal law by failing to comply with provisions of state law, including, but not limited
21 to California Constitution, Article 1, §§ 1, 7, and 13 and California Penal Code § 1531, and
22 thereby are liable to plaintiff under 42 U.S.C. §1983." Doc. 1, Complaint, at 3:2-6.  Plaintiffs
23 also alleged that on the same day, Defendants "violated plaintiffs' Fourth Amendment rights by
24 conducting a warrantless search of plaintiffs' home without consent or exigent circumstances,
25 and further subjected each plaintiff to unreasonable and/or unnecessary force. As a proximate
26 result of these Fourth Amendment violations, each plaintiff was wrongly prosecuted and
27 convicted and sentenced to state prison." Doc. 1, Complaint, at 3:9-13.  Plaintiffs sued
28 Defendants Matlock, Davis, Thatcher and Does 1 through 10, in both their individual and official

capacities.  In the complaint, Plaintiffs state five causes of action: (1) violation of Plaintiffs' Fourth Amendment rights, entitling Plaintiffs to damages under 42 U.S.C. §1983, against all Defendants; (2) violation of Plaintiffs' Fourteenth Amendment rights, entitling Plaintiffs to damages under 42 U.S.C. §1985(3), against all Defendants; (3) violation of Plaintiffs' California Constitutional rights under Article 1, Sections 1, 7 and 13 against all Defendants, no direct claim of money damages; (4) violation of above enumerated rights, entitling Plaintiffs to damages under Cal. Civ. Code § 52.1(b), against the City and BPD; and (5) negligence in managing police, entitling Plaintiffs to damages under Cal. Civ. Code § 1714, against the City and BPD.

The parties filed cross motions for summary judgment.  The court granted summary adjudication on a limited number of issues:

1. Defendants have waived the statute of limitations defense.
2. Issue preclusion does not apply.
3. The initial entry of Officers Davis and Thatcher on April 6, 1999 did not violate Plaintiffs' Fourth Amendment rights.
4. Officers Davis and Thatcher did not undertake the First Search in order to search for a potential child victim of domestic violence under the doctrine of exigent circumstance. The bedroom closet in which the evidence was found constitutes an adjoining space. Whether the First Search can be justified as a protective sweep incident to arrest is preserved for trial as the questions of arrest and plain view have not been fully addressed. Whether the First Search canbe justified as a parole search is also preserved for trial.
5. Plaintiffs' Monell claims are dismissed; the Bakersfield Police Department and the City of Bakersfield are dismissed from this action.
6. Plaintiffs' claims against Matlock as a supervisor are dismissed; Matlock is dismissed from this action.
7. As all Defendants against whom Plaintiff seeks relief under California Civil Code § 52.1 have been dismissed from this action, Plaintiff's California Civil Code § 52.1 cause of action is dismissed.

Doc. 53, September 30, 2005 Order, at 39:20-40:8.  Defendants then filed two consecutive motions for reconsideration, both of which were denied. Docs. 59 and 62.  Plaintiffs filed a request for interlocutory appeal certification, which was granted. Doc. 75.  Plaintiffs missed the deadline for filing interlocutory appeal with the Ninth Circuit.  At the pretrial conference on May 30, 2008, Plaintiffs asked to vacate the trial date in order to file a new summary judgment motion based on new precedent in Georgia v. Randolph, 547 U.S. 103 (2006).  The trial date was vacated, and Plaintiffs were granted leave to file a motion to reopen dispositive motions. Doc. 83.

Plaintiffs have now filed the motion, requesting leave to revisit legal issues raised by both Georgia v. Randolph, 547 U.S. 103 (2006) and Venegas v. County of Los Angeles, 153 Cal. App. 4th 1230 (Cal. Ct. App. 2007). Doc. 84. Defendants oppose the motion. Doc. 85. The matter was taken under submission without oral argument.

## II. Legal Standards

Reopening dispositive motions are subject to the "good cause" standard of Fed. R. Civ, Proc. 16(b)(4). See Century 21 Real Estate Corp. v. Motlagh, 2006 U.S. Dist. LEXIS 71379, *4-5 (D. Ariz. Sept. 29, 2006). "A renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice." Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995), quoting Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986).

## III. Discussion

Both Randolph and Venegas establish new legal doctrine that potentially impact this case. In Randolph, the U.S. Supreme Court found that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." Georgia v. Randolph, 547 U.S. 103, 120 (2006). Plaintiffs argue that Defendants' basis for conducting the First Search could not be McDaniel's parole search condition as Sanders objected. Doc. 84, Plaintiffs' Brief, at 5:13-18. While objecting to the form of the evidence, Defendants do not dispute that Davis did not have consent to conduct the First Search. Doc. 24, Part 5, at 3:5-7. It is further undisputed that Sanders made clear her objection to even the entry of Davis and Thatcher into her apartment. Doc. 24, Part 7, Davis Declaration, at 3:3-6.

Last year, the Second Appellate District of California dealt with an issue of first impression: "Does the doctrine of qualified immunity, which applies to federal civil rights actions under 42 United States Code section 1983, also apply to California civil rights actions

under Civil Code section 52.1? We hold the doctrine of qualified immunity does not apply to plaintiffs' cause of action under Civil Code section 52.1." <u>Venegas v. County of Los Angeles</u>, 153 Cal. App. 4th 1230, 1232 (Cal. Ct. App. 2007). In the summary judgment order, the court dismissed the BPD and the City as defendants, dismissing the Cal. Civ. Code §52.1 claims as a collateral consequence. Plaintiffs now argue that the Section 52.1 claims should be reinstated against BPD and the City of Bakersfield as they are liable for their employees actions based on a respondeat superior basis. Doc. 84, Plaintiffs' Brief, at 7:2-8. Further, as Section 1983 and Section 52.1 differ as to qualified immunity, recovery may available for the latter while unavailable for the former. Doc. 84, Plaintiffs' Brief, at 6:12-20.

    These recent precedents impact the case. The issues to be revisited are ones of pure law; there do not appear to be any relevant factual disputes. Therefore, the court will allow Plaintiffs to file a motion for reconsideration.

### V. Conclusion

    Plaintiffs' motion to reopen dispositive motions is GRANTED. Plaintiffs are granted leave to file a motion for reconsideration based on the potential applications of <u>Georgia v. Randolph</u>, 547 U.S. 103 (2006) and <u>Venegas v. County of Los Angeles</u>, 153 Cal. App. 4th 1230 (Cal. Ct. App. 2007) to this case. Plaintiffs may also seek reinstatement of the Cal. Civ. Code §52.1 claims against the Bakersfield Police Department and the City of Bakersfield.

    The motion must be filed by 4 PM, August 26, 2008.

    Any opposition must be filed by 4 PM, September 16, 2008.

    Any reply must be filed by 4 PM, September 23, 2008.

    The hearing on the matter is set for 1:30 PM, September 29, 2008.

    A status conference will thereafter be set for the purpose of setting a trial schedule.

IT IS SO ORDERED.

**Dated:**   **August 7, 2008**                       /s/ **Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE