UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE SANDERS and KEN McDANIEL,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, ERIC MATLOCK, GLEN DAVIS, SCOTT THATCHER and DOES 1 through 10, inclusive, sued both in their individual and official capacities<br><br>　　　　　　Defendants. | CIV-F 04-5541 AWI TAG<br><br>ORDER RE: PLAINTIFFS' MOTION FOR RECONSIDERATION |

## I. History

Plaintiffs in this case are Arlene Sanders and Ken McDaniel, who resided at 1905 California Street, Apt. #18; Bakersfield, CA in April 1999. Defendants are the City of Bakersfield, the Bakersfield Police Department ("BPD"), Eric Matlock (Chief of BPD), Glenn Davis (BPD officer), Scott Thatcher (BPD Officer), and Does 1 through 10, inclusive (additional BPD officers). On the evening of April 6, 1999, Davis and Thatcher responded to a report of a disturbance at Plaintiffs' apartment complex. At the scene, the apartment manager stated that there was a fight going on inside Plaintiffs' unit. As Davis and Thatcher approached the unit, they heard loud shouting. They knocked on the door and identified themselves as BPD officers. Sanders opened the door, revealing both herself and McDaniel in the living room; Davis and

Thatcher entered.  They noticed that Sanders had an abrasion on her cheek and McDaniel put something behind the couch.  Sanders demanded the officers leave and began shouting.  Davis and McDaniel used force to handcuff both Plaintiffs.  Davis conducted a sweep of the whole apartment ("First Search").  Davis found plastic bags containing what appeared to be cocaine in the right shoe of a pair of work boots in a bedroom closet; the door to the closet was open.  Davis asked McDaniel if he was on parole; McDaniel affirmed he was on parole for a drug violation.  He contacted the BPD to request a team to conduct a full search of the apartment.  BPD officers soon arrived and seized the bags of cocaine in the course of a second search of the apartment.  Defendants also claim that Davis and Thatcher were informed by another BPD officer, Orbin Love, on April 5, 1999 (the day before the arrests and searches) that McDaniel was a parolee who was suspected of dealing drugs; Plaintiffs dispute the claim.

Plaintiffs were charged with possession for sale of cocaine base in violation of California Health and Safety Code § 11351.5 on May 17, 1999.  Plaintiffs plead guilty.  Before their plea, they filed motions to suppress evidence pursuant to Cal. Penal Code § 1538.5, arguing the initial search violated their Fourth Amendment rights.  The motion was denied, but the Fifth District Court of Appeal reversed the denial on two bases: the search extended beyond adjoining spaces and a parole search is only valid when the officer is aware of the search condition.  People v. Sanders, 84 Cal. App. 4th 1211, 1220 and 1223 (Cal. Ct. App. 2000).  On review, the California Supreme Court affirmed the Fifth District Court of Appeal on the parole search while expressing no opinion as to the protective sweep.  People v. Sanders, 31 Cal. 4th 318, 324 n.2 (Cal. 2003).  The California Supreme Court firmly held that when police are unaware an individual is subject to a search condition, a search without probable cause constitutes a violation of the Fourth Amendment and can not be justified after the fact by the search condition.

On April 8, 2004, Plaintiffs filed this present suit.  Broadly, Plaintiffs allege their Fourth Amendment rights were violated by entry into their apartment and search without consent or exigent circumstances.  The parties filed opposing motions for summary adjudication.  By Order of September 30, 2005, the court determined "The initial entry of Officers Davis and Thatcher on April 6, 1999 did not violate Plaintiffs' Fourth Amendment rights....Whether the [initial search]

can be justified as a protective sweep incident to arrest is preserved for trial as the questions of arrest and plain view have not been fully addressed." Doc. 53, Order, at 39:22-28. Defendants thereafter filed two motions for reconsideration, both of which were denied. Plaintiff filed a motion for interlocutory appellate certification which was granted. Ultimately, Plaintiff did not file the appeal with the Ninth Circuit. Plaintiffs then sought leave to reopen dispositive motions in light of new legal precedent. The court granted Plaintiffs leave to seek reconsideration of two issues: the First Search as parole search in light of Georgia v. Randolph, 547 U.S. 103 (2006) and the Cal. Civ. Code §52.1 claim in light of Venegas v. County of Los Angeles, 153 Cal. App. 4th 1230 (Cal. App. 2d Dist. 2007). Defendants oppose the motion for reconsideration. The matter was taken under submission without oral argument.

**II. Legal Standards**

A motion to alter or amend judgment is appropriate under limited circumstances, such as where the court is presented with newly-discovered evidence, where the court "committed clear error or the initial decision was manifestly unjust," or where there is an intervening change in controlling law. School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

**III. Discussion**

**A. Georgia v. Randolph**

Plaintiffs argue that the First Search can not be justified as a parole search in light of new precedent. In March 2006, the U.S. Supreme Court held that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." Georgia v. Randolph, 547 U.S. 103, 120 (2006). The court notes that the holding only specifies that the search is invalid (assuming it can not be independently justified on a valid basis) as to the objecting party, not the consenting party. Thus, even if Plaintiffs' argument is correct, the First Search can not be justified as a parole search with respect to Plaintiff Arlene

Sanders only. The First Search might (subject to the jury's factual findings) still be considered a parole search with respect to Ken McDaniel.

Both parties agree that Randolph sets out a new rule. Defendants argue that Randolph is not applicable as the rule it establishes can not be applied retroactively. However, as the case Defendants themselves cite states, "in deciding Randolph, the Supreme Court did not make it retroactive to cases on *collateral review*, and there is no indication in Randolph, or in any case since Randolph, that it should be applied retroactively to cases on *collateral review*." Robinson v. Mauney, 2008 U.S. Dist. LEXIS 23159, *9 (D.S.C. Mar. 24, 2008) emphasis added; see also United States v. Janicek, 2007 U.S. Dist. LEXIS 35740, *4 (D. Neb. May 14, 2007). Habeas review is distinctly different from other civil suits in this regard.

As far as the court can determine, only one federal court has addressed Randolph in the context of co-tenants of a parolee subject to search condition. The Eastern District of Wisconsin found, "In the present case, both plaintiffs [Latanga and Sherrie] were present when defendants sought to search their home, and both refused to consent to a search....Thus, notwithstanding William's consent [automatic as a matter of law since he was a parolee subject to search condition], defendants' entry into and search of plaintiffs' home was unreasonable as to Latanga and, under Sherrie's version of the facts, was also unreasonable as to Sherrie. Thus, defendants violated Latanga's Fourth Amendment right to be free from unreasonable searches and may also have violated Sherrie's right." Thornton v. Lund, 538 F. Supp. 2d 1053, 1058-59 (E.D. Wis. 2008), citations omitted. The decision deals with a search undertaken in February 2006, before the U.S. Supreme Court's Randolph decision was issued in March 2006. But, as the court in Thornton noted, qualified immunity applied since, "Prior to Randolph, most courts had concluded that one resident's consent to a home search authorized entry into the home even over the objections of a co-resident." Thornton v. Lund, 538 F. Supp. 2d 1053, 1059 (E.D. Wis. 2008).

The reasoning applies in this case. Plaintiffs are correct that the First Search can not be justified as a parole search in relation to Arlene Sanders. Nevertheless, qualified immunity applies to the Section 1983 claim as the new rule was not established when the First Search took

**4**

place in 1999.

**B. Cal. Civ. Code §52.1**

"Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a) [by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion], may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured." Cal. Civ. Code §52.1(b). The court, in the September 30, 2005 Order, erroneously dismissed the City and BPD after solely analyzing the Monell liability claims in substance. Defendants point out that "the issue of whether or not there was a constitutional violation is far from resolved." Doc. 90, Defendants' Reply, at 19:1-2. Unlike Section 1983, Section 52.1 claims can be based on respondeat superior liability. See Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir. 2002) (recognizing respondeat superior liability under Section 52.1 for California counties); Glair v. City of Los Angeles, 2008 U.S. Dist. LEXIS 29409, *22-23 (C.D. Cal. Feb. 29, 2008) (applying respondeat superior rule to California city). As respondeat superior liability applies, if a jury finds that Defendants Davis and Thatcher violated Plaintiffs' constitutional rights, the City and BPD may be liable under Section 52.1 notwithstanding the fact that these entities are not liable under Monell. The court noted in the previous order that Plaintiffs did not assert this cause of action against either Defendant Davis or Defendant Thatcher. Under California case law, such a posture does not defeat the claim as "A plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (Cal. App. 2d Dist. 1992). California precedent also states that qualified immunity analysis under Section 1983 does not apply to Section 52.1, further distinguishing the standards applicable to the two causes of action. Venegas v. County of Los

Angeles, 153 Cal. App. 4th 1230, 1232 (Cal. App. 2d Dist. 2007). Thus, the Section 52.1 claims are reinstated as against the City and BPD. The parties make no argument as to how the new U.S. Supreme Court precedent in <u>Randolph</u> affects a Section 52.1 claim and the court expresses no opinion on the matter.

**C. Distinction Between Arrest and Detention**

Plaintiffs argue that they had only been detained, and not arrested at the time of the First Search. First, the court has noted that when police undertake a protective sweep incident to arrest, there does not appear to be any legal significance to whether Plaintiffs were detained or arrested at the time. See Doc. 59, March 13, 2007 Order, at 12:11-26. Second, Plaintiffs have not provided enough evidence to conclusively show that they were detained and arrested as a matter of law. Third, Plaintiffs were not granted leave to revisit this issue in the August 7, 2008 Order.

## IV. Conclusion

Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part. The Cal. Civ. Code §52.1 claims against the City of Bakersfield and the Bakersfield Police Department are reinstated.

A status conference is set for Monday, May 4, 2009 at 1:30 PM for the purpose of setting a trial schedule. Personal appearances are required.

IT IS SO ORDERED.

**Dated:   March 16, 2009**           /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE